[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE DEFENDANT'S REVISED MOTION TO STRIKE (No. 106)
The motion to strike now before the court presents a narrow but important question of the law of agency. In a corporate setting, when a supervisor of a corporate employee intentionally or negligently inflicts emotional distress upon that employee, under what circumstances is the corporation itself liable for the tort? Following the lead of the Supreme Court in Burlington Industries, Inc. v. Ellerth, 524 U.S. 742 (1998), I hold that the facts alleged here are sufficient to state a cause of action against the corporation.
Because the issue arises on a motion to strike, the facts alleged in CT Page 8117 the amended complaint must be taken as true. The plaintiff, Robin Motzer, alleges that in 1998 and 1999 she was employed by the defendant, Global Associates ("Global"), as a cook. Global also employed one Frank Sacco as a kitchen manager and gave Sacco supervisory authority over Motzer. Motzer alleges that for a period of several months, Sacco subjected her to an unremitting barrage of explicit and highly offensive sexual remarks. She claims that she complained about this situation to higher level Global employees on numerous occasions only to be told "Don't talk back to Sacco." She further alleges that Global had "knowledge" that Sacco was making these remarks, yet it instructed her to remain in the kitchen with Sacco . . . working [with him] side by side. Motzer additionally alleges that Global "failed to take any proactive steps to prevent said harassment."
Motzer commenced this action against Global on February 16, 2001 by service of process. Her Amended Complaint consists of six counts, but only the Fifth and Sixth Counts are in question here. The Fifth Count alleges that Global in the actions just recounted committed the tort of intentional infliction of emotional distress. The Sixth Count alleges that Global committed the tort of negligent infliction of emotional distress. On June 5, 2001, Global filed the revised motion to strike now before the court. The motion was heard on June 18, 2001.
The problem before the court was significantly refined at the hearing. Global concedes that Sacco's actions, if proven, were sufficiently egregious to satisfy the "extreme and outrageous" element of the torts of intentional and negligent infliction of emotional distress. The sole question is the extent to which Sacco's actions can be appropriately attributed to Global itself.
In Burlington Industries, Inc. v. Ellerth, supra, the Supreme Court confronted this problem in the context of a sexual harassment claim brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e
et seq. The Court analyzed the problem by reference to RESTATEMENT (SECOND) OF TORTS § 219. It drew particular attention to the provision of § 219(2)(d) imposing liability on a master "for the torts of his servants acting outside the scope of their employment" if "the servant . . . was aided in accomplishing the tort by the existence of the agency relation." The court reasoned that in cases like Ellerth, "the Restatement's aided in the agency relation rule . . . appears to be the appropriate form of analysis." 524 U.S. at 760.
The agency relation rule most clearly applies when the supervisor in question uses tangible employment actions to bring the official power of the enterprise to bear on subordinates. 524 U.S. at 762. Here as inEllerth, however, no tangible employment action has occurred. The CT Page 8118 application of the agency relation rule in these circumstances "is less obvious." Id. at 763. The agency relation standard "is a developing feature of agency law." Id. Ellerth adopts the rule that "[a]n employer is subject to vicarious liability to a victimized employee for an actionable hostile environment created by a supervisor with immediate (or successively higher) authority over the employee." Id. at 765. Ellerth
then creates an affirmative defense that "the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior" and, additionally, that "the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise." Id.
Ellerth articulates the federal law of Title VII actions and does not, as a formal matters govern state common law torts such as the intentional infliction of emotional distress. The genius of the common law, however, is its capacity to develop. See Goodrich v. Waterbury RepublicanAmerican, Inc., 188 Conn. 107, 127, 448 A.2d 1317 (1982). Ellerth, although nominally a statutory case, stands in the highest tradition of common law decision making, striking a fair balance between the interests of employees and employers in a developing area of the law. Its reasoning is fully applicable here. (It must be emphasized, however, that the motion now before the court offers no opportunity to consider the viability of Ellerth's affirmative defense.)
The allegations of the Fifth and Sixth Counts of the Amended Complaint paint a vivid picture of a victimized employee forced by her knowing employer to continue to work in an aggressively hostile environment created by a supervisor with immediate authority over her. If the plaintiff's allegations are true, Global's knowing actions, forcing her to work in an environment of almost bestial depravity, were themselves sadistic. "[O]nce conduct such as that [alleged] here becomes a regular pattern of behavior and continues despite the victim's objection and attempts to remedy the situation, it can no longer be tolerated." GTESouthwest, Inc. v. Bruce, 998 S.W.2d 605, 617 (Tex. 1999). Motzer's allegations in the Fifth and Sixth Counts easily satisfy the elements of the alleged torts and of the Ellerth test.
The motion to strike is denied.
 ___________________ JON C. BLUE JUDGE of the SUPERIOR COURT